UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 04-cr-00463-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. **LINDA CARNAGIE,**
2. NINA MARIE CAMERON,
3. LESLIE ROUSSEAU,
4. ALBERTICO GALINDO,
5. SONIA RAMIREZ,
6. SANDRA LINDSEY,
7. ROSAURA RAMIREZ,
8. GAIL HENDERSON,
9. DWAYNE VANDYKE,
10. CHRISTOPHER ALLEN,
11. DENISHA WALKER,
12. DAVID WOMELY,
13. RANDAL JONES,
14. SHEILA LOCKETT,
15. SHAWN GARRETTE,
16. LINDA EDWARDS,
17. LADONNA MULLINS**,**
18. TRENSON L. BYRD, aka TL Byrd,
19. EMMITT COTTON, SENIOR,
20. **STAFFORD A. HILAIRE**,
21. TYRONE TENNYSON,
22. ROBERT WEDGEWORTH,
23. DARYL COLLINS,
24. TRACIE LOCKHART,
25. AARON BLATHERS,
26. SEBASTIAN SCOTT,
27. MICHAEL KEYS,
28. QUNELL JEFFERSON,
29. DONNA BLACKLOCK,
30. MAURICE POOLE,
31. MONICA FITE,
32. AURELIA WALKER,
33. WENDY WILKINS,and
34. ODIE WEBSTER, III,
        Defendants.

ORDER DENYING MOTIONS FOR RECONSIDERATION
_____

THIS MATTER comes before the Court on Motions brought by Defendants Linda Carnagie **(#2332)** and Stafford Hillaire **(#2329)** requesting reconsideration of the Court's denial of previously filed Motions for New Trial in light of the decision of the 10th Circuit Court of Appeals in *United States v. Carnagie*, 533 F.3d 1231 (10th Cir 2008). The United States opposes both reconsideration and a new trial. **(#2334)**.

A jury convicted Ms. Carnagie and Mr. Hillaire of conspiracy to defraud the United States in violation of 18 U.S. C. §371 and conspiracy to commit money laundering in violation of 18 U.S.C. §1956(a)(1)(A)(i), (h) in conjunction with their roles in a number of transactions to obtain FHA financing. After the trial, Ms. Carnagie and Mr. Hillaire each requested entry of a judgment of acquittal or a new trial pursuant to Fed. R. Crim P. 29(a) and Fed. R. Crim.P 33 **(#1489, #1490, #1567, 1573).** Over the Government's objections **(#1492, #1593)**, this Court granted their request for judgment of acquittal, but denied their request for a new trial in a written Opinion and Order **(#1646)**.

This Court determined that the Government had failed to prove the two large conspiracies that it charged in the Indictment, and, instead proved a number of smaller, separate conspiracies. As a result, this Court ruled that there was a fatal variance between the Indictment and proof at trial. Because the conspiracy convictions were set aside, this Court denied the Defendant's motions for new trial stating, "[s]hould this judgment of acquittal be reversed, no new trial would be required because the jury's verdict could be reinstated." *Docket* #1648 at 21, citing Fed. R. Crim P. 29(d); *U.S. v. Montgomery*, 468 F3d 715, 717 ( 10th Cir. 2006).

Upon appeal, the Tenth Circuit agreed that there was a variance between the conspiracies

charged and those proved at trial, 533 F.3d at 1238-39, but deemed it to be a simple rather than a fatal variance. *Id.* at 1240.  Thus it focused upon the prejudice caused by the variance.  It determined from its *de novo* review of the record that the variance caused no substantial prejudice to the Defendants.  *Id.* at 1241-44.  Accordingly, it reversed and remanded the matter for reinstitution of the verdict and entry of a judgment of conviction.  The Supreme Court denied Defendants' petition for certiorari on February 23, 2009.  *U.S. v. Carnagie*, 129 S.Ct. 1366 (2009) (mem.).

The Defendants now argue that this Court should reconsider its prior denial of their Motions for New Trial in light of the existence of the variance.  In particular, they argue that a new trial is required because the jury was not instructed with regard to the existence of smaller conspiracies and the Defendant's role in them. The Government opposes this on two grounds - first, that the extant motions for reconsideration were untimely filed, and second, that the Defendants fail to appreciate that the 10th Circuit has already conclusively addressed the impact of the variance.

This Court need not address the timeliness issue because the Court agrees with the Government as to the effect of the 10th Circuit's determination. Under Fed. R. Crim. P 33 (a), this Court may grant a new trial if "the interest of justice so requires."  This Court did not determine whether the variance created "substantial prejudice" to the Defendants because it found a fatal variance for which no such showing was required.  The Tenth Circuit, however, found a simple variance, for which a showing of "substantial prejudice" was required in order to obtain a judgment of acquittal.  The 10th Circuit reviewed the record, *de novo*, and found both expressly and implicitly that the variance did not affect the Defendants' right to fair trial.

Such conclusion is now law of this case. The Defendants are not free to relitigate the issue before this Court. There has been no showing of grounds sufficient under *United States v. Alvarez*, 142 F.3d 1243 (10th Cir. 1998), to depart from the law of the case. Because the variance did not substantially prejudice these Defendants, the interest of justice does not require a new trial.

Accordingly, the Motions for Reconsideration **( #2332)**, **( #2329)** are **DENIED**.

Dated this 2d day of July, 2009

                                                     **BY THE COURT:**

                                                     *[signature: Marcia S. Krieger]*

                                                     Marcia S. Krieger
                                                     United States District Judge