UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 04-cr-00463-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. LINDA CARNAGIE,
2. NINA MARIE CAMERON,
3. LESLIE ROUSSEAU,
4. ALBERTICO GALINDO,
5. SONIA RAMIREZ,
6. SANDRA LINDSEY,
7. ROSAURA RAMIREZ,
8. GAIL HENDERSON,
9. DWAYNE VANDYKE,
10. CHRISTOPHER ALLEN,
11. DENISHA WALKER,
12. DAVID WOMELY,
13. RANDAL JONES,
14. SHEILA LOCKETT,
15. SHAWN GARRETTE,
16. LINDA EDWARDS,
17. LADONNA MULLINS,
18. TRENSON L. BYRD, aka TL Byrd,
19. EMMITT COTTON, SENIOR,
20. **STAFFORD A. HILAIRE**,
21. TYRONE TENNYSON,
22. ROBERT WEDGEWORTH,
23. DARYL COLLINS,
24. TRACIE LOCKHART,
25. AARON BLATHERS,
26. SEBASTIAN SCOTT,
27. MICHAEL KEYS,
28. QUNELL JEFFERSON,
29. DONNA BLACKLOCK,
30. MAURICE POOLE,
31. MONICA FITE,
32. AURELIA WALKER,
33. WENDY WILKINS, and
34. ODIE WEBSTER, III,
        Defendants.
_____

# OPINION AND ORDER DENYING DEFENDANT HILAIRE'S
# MOTION FOR NEW TRIAL
___

**THIS MATTER** comes before the Court pursuant to Defendant Hilaire's Motion for New Trial **(# 2329)**, which the Court initially denied by Order dated July 2, 2009 **(# 2341)**. Mr. Hilaire thereafter sought reconsideration **(# 2343)** of that Order on the grounds that he had not been given an opportunity to file a reply. The Court granted **(# 2344)** the request for reconsideration, vacating that portion of the July 2, 2009 Order that applied to Mr. Hilaire. Mr. Hilaire then filed his reply **(# 2349)** in support of his Motion for New Trial.

Having reconsidered Mr. Hilaire's Motion for New Trial in conjunction with the arguments raised in the reply, the Court nevertheless reaches the same conclusions as previously set forth in the July 2, 2009 Order. The Court incorporates by reference its findings in the July 2, 2009 Order, and supplements them with the following observations on the two major arguments raised by Mr. Hilaire in his reply.

In the first argument, Mr. Hilaire contends that, notwithstanding the 10th Circuit's findings in *U.S. v. Carnagie*, 533 F.3d 1231 (10th Cir. 2008), a new trial is warranted because the trial jury was instructed that they could only convict him on the conspiracy charged in the Indictment, and because both this Court and the 10th Circuit have since found that the Government failed to prove the charged conspiracy, he is entitled to a new trial.[1] This argument

___

[1] Mr. Hilaire does not fully explore the logic of this argument. Followed to its logical end, Mr. Hilaire's argument on this point should require relief in the form of a judgment of acquittal, rather than the new trial he requests, as the 10th Circuit agreed with this Court that the Government failed to prove interdependency among members of the large conspiracy charged in the Indictment. Of course, a request for a judgment of acquittal would be entirely inconsistent with the conclusions of the 10th Circuit that the variance here was not fatal.

2

is without merit. At a superficial level, Mr. Hilaire is correct – the jury's verdict of guilt against him on the conspiracy count would appear to suggest that either the jury mistakenly found evidence of interdependence among the members of the large conspiracy charged in the Indictment, or the jury misunderstood the Court's instruction that they could only convict on the charged (large) conspiracy and instead convicted Mr. Hilaire on the sufficiently-proven-but-not-charged smaller conspiracy. However, this scenario is not unusual – indeed, <u>every</u> case in which the conspiracy proven at trial varies from that charged in the Indictment presents the same problem.[2]

The inquiry into whether a defendant was prejudiced by a variance implicitly accepts the fact that the jury has transgressed the instructions, and examines whether that error is one that is arguably prejudicial or clearly harmless. *See e.g. Kotteakos v. U.S.*, 328 U.S. 750, 768-69 (1946) (noting that jury instruction stating that the jury could only convict on the conspiracy charged "was plainly wrong in application to the proof made. . . The jury could not possibly have found, upon the evidence, that there was only one conspiracy," but reasoning that "It may be that, notwithstanding the misdirection, the jury actually understood correctly the purport of the evidence, as the Government now concedes it to have been; and came to the conclusion that the petitioners were guilty only of the separate conspiracies in which the proof shows they respectively participated"). The analysis of whether a variance was prejudicial includes an

---

[2]Appellate review of a variance issue will only occur when the jury has convicted a defendant of the conspiracy proven, rather than the conspiracy charged. Assuming the jury is properly instructed that they are to consider only the conspiracy charged, it is thus apparent that <u>every</u> case involving appellate review of a claim of variance presents a situation where the jury has apparently disregarded this instruction and convicted the defendant of a conspiracy other than the one charged.

examination of whether the jury's deviance from the instructions reflects it correctly applying the law to the conspiracy actually proven, or whether, as in *Kotteakos*, the charging of a single large conspiracy allowed introduction of evidence that may have distorted the jury's ability to assess the sufficiency of the smaller conspiracy that was actually proven. *Id.* at 769-71. In this situation, the 10th Circuit concluded that the jury was able to "compartmentalize the evidence" concerning the smaller conspiracy involving Mr. Hilaire, that it did not "impute[ to Mr. Hilaire] evidence of the conspiracies that did not involve [him]," and that there was "ample evidence to convict" Mr. Hilaire of the smaller conspiracy. 553 F.3d at 1243-44 & n. 8. Thus, this case is the type described in *Kotteakos* where the jury misunderstood or misapplied the instruction to limit their consideration to the conspiracy charged, but nevertheless correctly understood the law and applied it to the evidence of the conspiracy that was actually proven. Nothing in *Kotteakos* suggests that, in these circumstances, the harmless error in charging nevertheless compels a new trial. Thus, Mr. Hilaire's argument that he is somehow entitled to a new trial because the jury misapplied the instructions is without merit.

Mr. Hilaire's second argument is more difficult to parse. He appears to argue that if the 10th Circuit's findings are deemed to be "law of the case" – a point he apparently concedes – this Court should nevertheless decline to adopt those findings. *Citing U.S. v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). He argues that this Court instructed the jury that interdependency was required among all co-conspirators and that the jury could only convict on the conspiracy charged in the Indictment. Mr. Hilaire contends that "the Tenth Circuit changed the law on these issues in their opinion," although it is not clear what it is he contends constitutes this "change." He concludes by stating that "This clearly constitutes a subsequently contrary decision of the law

applicable to these issues," and that because of that change in the law and "because the factual findings of the Tenth Circuit are in direct conflict with the instructions given to the jury," a new trial is warranted.

Mr. Hilaire appears to be invoking *Alvarez* for the proposition that this Court can decline to follow the law of the case "when controlling authority has subsequently made a contrary decision of the law applicable to such issues." 142 F.3d at 1247. In other words, *Alvarez* permits this Court to depart from previously-established conclusions of law where "new law . . . would call the prior . . . decision into question." *Id.* Mr. Hilaire's invocation of *Alvarez* in this case is misplaced for at least two reasons.

First, this Court discerns nothing in the 10th Circuit's decision that effected any change in the law. Indeed, with regard to the question of whether the charged conspiracy varied from the conspiracy proven at trial, the 10th Circuit reached the same decision as this Court, for essentially the same reasons: that a variance existed because there was no proof of interdependence among the members of the large conspiracy. 533 F.3d 1238. Thus, this Court cannot find that the 10th Circuit's opinion "changed" the law relating to interdependence in any way. The 10th Circuit did not discuss any issue relating to whether the jury was required to convict, if at all, on the conspiracy that was charged in the Indictment, and thus, this Court cannot say that the 10th Circuit "changed the law" on that issue either. Absent a showing of a subsequent change in the controlling law, the predicate in *Alvarez* for refusing to abide by the law of the case is missing, and the Court is bound to apply the 10th Circuit's findings.

Second, Mr. Hilaire's invocation of *Alvarez* is misplaced because he misconstrues the findings that are being given binding effect. Here, the "law of the case" that binds this Court on

remand is the 10th Circuit's conclusion that Mr. Hilaire suffered no prejudice as a result of the variance.  There is no "new law" that has been handed down <u>since</u> this finding was made – the law Mr. Hilaire claims as "new" is set forth in the very opinion that made the findings being given conclusive effect.  The premise of declining to give preclusive effect to findings that were made prior to a change in law is the notion that those findings might have been different under the new legal regime.  Here, even if the 10th Circuit's opinion somehow constituted a "change in the law," the findings in question here – that Mr. Hilaire was not prejudiced by the variance – would necessarily have been made under the "new" legal paradigm announced by the 10th Circuit in its decision.   Thus, there is no reason to believe that those findings would be made differently today.  Accordingly, Mr. Hilaire has not shown that this Court should depart from the law of the case handed down by the 10th Circuit.

For the reasons stated in the Court's July 2, 2009 Order, deemed incorporated herein by reference, as well as the reasons set forth above, the Court finds that Mr. Hilaire is not entitled to a new trial.  His Motion for New Trial **(# 2329)** is **DENIED**.

Dated this 5th day of August, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge